IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
MAY 31 2007
[Clerk signature stamp]

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 07-20062 CM/CJW |
| WOODBURY HOMES, LLC, | ) |
| Defendant. | ) |

## PLEA AGREEMENT

The United States of America, by and through Special Assistant United States Attorney, Raymond C. Bosch, the defendant, personally and by and through defendant's counsel, James R. Hobbs, hereby enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the charging Information, a violation of Title 18, United States Code, §1018, that is, causing the delivery of a false document. By entering into this plea agreement, the defendant admits to committing this offense, and to being guilty of this offense.

**Applicability of the Sentencing Guidelines and Potential Sentence.**

2. The defendant understands that the maximum amount of the fine to be twice the gross pecuniary gain derived from the crime or twice the gross pecuniary loss caused to the victim of the crime, 18 U.S.C. § 3571(d); or $200,000 per misdemeanor count, 18 U.S.C. § 3571(c)(5). The defendant understands that the penalty also includes a $125 mandatory special assessment, pursuant to 18 U.S.C. §3013(a)(B)(iii).

Page 1

The defendant understands that the Court may order a sentence of probation for up to five years.

3.     **Factual Basis for the Guilty Plea.**   The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

The Defendant WOODBURY HOMES, LLC ("WOODBURY"), at all times set forth herein, has been a limited liability corporation (LLC) in good standing under the laws of the State of Missouri, and has been licensed to do business within the State of Missouri.  The LLC's primary business involves the development of land and building of residential housing.

During 2004 and 2005, WOODBURY was involved in the development of a residential area in Jackson County, Missouri, for which a permit to prevent storm water erosion was required under the Federal Water Pollution Control Act, also known as the Clean Water Act (CWA), 33 U.S.C. § 1251, *et seq.*  WOODBURY meets the definition of a "person", as defined in the CWA at 33 U.S.C. § 1362(5).

On April 4th and 6th, 2005, an inspector from the United States Environmental Protection Agency, Region VII (EPA), visited the development and determined that WOODBURY was in violation of the CWA, as it pertains to erosion control and storm water protection.  As a result of the inspection, on October 5, 2005, EPA issued official findings and an order entitled "Findings of Violation, Order for Compliance", and authorized WOODBURY to participate in negotiations concerning the matter, which included the presentation of evidence including documents, the opportunity to correct its violations and to negotiate the payment of a civil monetary penalty.

During the course of the above mentioned negotiations, on or about the 1st day

of December, 2005, within the District of Kansas, WOODBURY, through its officer, did cause to be brought to the United States Environmental Protection Region VII at its regional office, located in Kansas City, Wyandotte County, Kansas, a writing which said officer knew to contain false information concerning the procurement of a storm water permit for the development, but which he presented to EPA as being true, in violation of Title 18, United States Code, Section 1018.

4. **Joint Sentencing Recommendation.**

a. The United States and the defendant jointly recommend that the Court:

(1) Order the defendant to pay, immediately upon sentencing, a fine in this case in the amount of Fifteen Thousand ($15,000.00) dollars.

(2) Order the defendant to pay, immediately upon sentencing if it has not been paid before that time, the special assessment of $125 due under Title 18, United States Code, Section 3013(a)(B)(iii).

5. **Agreements by the United States**    In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to not file any additional charges against the defendant or its employees, agents and affiliates arising out of the facts forming the basis for the present indictment. In the event the defendant breaches or violates this plea agreement or otherwise fails to adhere to its terms, the United States shall not be bound by this paragraph and may pursue any additional charges arising from the criminal activity under investigation as well as any perjury, false statement, or obstruction of justice charges which may have occurred. The defendant understands and agrees that in the event the defendant

violates this plea agreement, all statements made by the defendant subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against the defendant in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rules of Criminal Procedure, § 11(f), Federal Rules of Evidence, § 410, or any other federal rule that pertains to the admissibility of any statements made by the defendant subsequent to this plea agreement.

6.   **Defendant's Agreements.**  The defendant agrees to cooperate fully and truthfully with the United States as follows:

- a. Defendant agrees to provide truthful, complete, and accurate information and testimony in the trial of this matter, before any grand jury proceeding, or in any related hearing;

- b. Defendant agrees to provide all information concerning the defendant's knowledge of, and participation in, the offenses charged in the information and all related conduct;

- c. Defendant agrees that if the United States determines the defendant has not provided full and truthful cooperation, or has committed any local, state, or federal crime between the date of this plea agreement and sentencing, or has otherwise violated any other provision of this plea agreement, the plea agreement may be voided and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation. Such prosecution may be based upon any information provided by the defendant during the course of the defendant's cooperation, or upon leads derived therefrom, and this information may be used as evidence against the defendant. In addition, the defendant's previously entered plea of guilty will remain in effect and cannot be withdrawn;

7. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

8. **Withdrawal of Plea Not Permitted.** The defendant understands that if the court accepts this plea agreement but imposes a sentence with which the defendant does not agree, the defendant will not be permitted to withdraw this plea of guilty.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $125 per count of conviction will be entered against the defendant at the time of sentencing. The defendant agrees to deliver to the clerk of the court payment in the appropriate amount at or before the time of sentencing. If the defendant fails to make full payment of the special assessment the United States will no longer be bound by the provisions contained in Section 4(b) of this agreement. The burden of establishing an inability to pay the required special assessment lies with the defendant.

10. **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise

attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

11.   **Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

12.   **Waiver of Claim for Attorney's Fees.**   The defendant waives all claims under the Hyde Amendment, Title 18, U.S.C. § 3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13.   **Full Disclosure by United States.**   The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the

defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

14.   **Parties to the Agreement.**   The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15.   **No Other Agreements.**   The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that its undersigned Member, David L. Ward, has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

16. **Business Authorization to Voluntary Plea and Agreement.**

    a.    Defendant WOODBURY has provided to the United States and to the Court a notarized resolution of the Members of WOODBURY bearing both notary and corporate seals, certifying that the undersigned David Ward, Member of WOODBURY is authorized to plead guilty on behalf of WOODBURY to the charges set forth in the Information, and to enter into this Plea Agreement on behalf of WOODBURY. Said notarized resolution is attached hereto, marked "Exhibit 1", and is incorporated herein by reference. Defendant WOODBURY agrees that the undersigned Member of WOODBURY shall appear in Court in the District of Kansas on behalf of the WOODBURY to enter the guilty plea and to receive the Court's sentence.

    b.    WOODBURY, by its undersigned Member, has read the Plea Agreement, understands it, and affirms that it was entered into freely and not through any threat or coercion. In signing this document, the Member of WOODBURY, David Ward, represents that he has been authorized by WOODBURY's Members to sign this Plea Agreement on behalf of WOODBURY and that his signature does, in fact, bind WOODBURY to its terms.

    c.    WOODBURY acknowledges that it is entering into this Plea Agreement and is pleading guilty freely and voluntarily. WOODBURY further acknowledges its understanding of the nature of the offense to which it is pleading guilty and the elements of the offense, including the penalties provided by law, and its complete satisfaction with the representation and advice received from its undersigned counsel. WOODBURY understands that it has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance

of counsel, the right to confront and cross-examine the witnesses against it, and the right to compulsory process for the attendance of witnesses to testify in the corporation's defense. WOODBURY understands that by pleading guilty, it waives or gives up those rights and that there will be no trial and it will be subject to any legal sentence of the Court.

_____  Date: May 21, 2007
Raymond C. Bosch # 77926
Special Assistant U.S. Attorney
U.S. Environmental Protection Agency
901 North Fifth Street
Kansas City, Kansas 66101
(913) 551-7501

_____  Date: May 29 2007
Marietta Parker
Criminal Chief/Supervisor

WOODBURY HOMES, LLC
Defendant
By: _____   Date: 5-16-07
David Ward, Member


_____   Date: 5-16-07
James R. Hobbs
Attorney for Defendant
1000 Walnut Street
Suite 1600
Kansas City, MO 64106-2140
(816) 221-0080
Ks. S.Ct.#